Daniel U. Dunaway v. Commissioner.
Dunaway v. Commissioner
Docket No. 46835.
United States Tax Court
T.C. Memo 1954-108; 1954 Tax Ct. Memo LEXIS 138; 13 T.C.M. (CCH) 702; T.C.M. (RIA) 54214; July 29, 1954, Filed Daniel U. Dunaway, 2378 West Beaver Street, Jacksonville, Fla., pro se. Robert Liken, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent has determined deficiencies of $143 and $209 in petitioner's income tax for 1949 and 1950. The sole issue is whether petitioner is entitled to the claimed dependency exemptions for two minor children. Findings of Fact Petitioner, a resident of Lynchburg, Virginia, filed his 1949 and 1950 income tax returns with the collector of internal revenue for the district of Virginia. During 1949 and 1950 petitioner was married, but living apart from his wife. They had two sons, James Daniel, born in 1935, and Albert Franklin, born in 1941; however, *139 both children lived with their mother in 1949 and 1950. Under an order in the case of Commonwealth v. Daniel Dunnaway [sic], issued by the Lynchburg Corporation Court of Virginia after petitioner was convicted of desertion and nonsupport of his wife and children, he was required to contribute a sum of money "each and every week, for the benefit of the wife and children." Petitioner contributed $929 in 1949 and $945 in 1950. On his 1949 and 1950 income tax returns, petitioner claimed both children as dependents; respondent disallowed one of petitioners claimed exemptions and determined deficiencies for these two years. At the hearing respondent's counsel stated that petitioner' wife also claimed one of the children as a dependent. Opinion Respondent contends that petitioner failed to prove that he contributed "over half" of the support of his two children as is required under section 25(b), I.R.C., for dependency credit. [1] Petitioner contends that he did contribute a sufficient sum so that he was entitled to the credit. *140 If petitioner is to prevail he must show that he furnished over half of the support for each of his two children. We know how much money petitioner contributed to the support of his wife and children, but we do not know how much of this was used exclusively for the children. Neither do we know how much money the mother provided for the children. Thus, we do not know the total value or cost of the children's support. And without knowing the total cost required to suport the children, it is impossible to say what sum would represent half of their support. The record indicates that the children lived with the mother. She provided their shelter, most of their clothes, their food and other necessities. There is testimony that petitioner paid part of the medical expenses and bought some of their clothes, but he was unable to give any definite amounts for these items. There is also testimony that petitioner's wife worked, but no proof as to her income or monetary requirements for her living expenses. On this record we can not find that the $929 and $945 contributed to petitioner's wife and their children in 1949 and 1950 amounted to over half the support for each child, and respondent *141 must be sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. (b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, * * *. (3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer; (A) a son or daughter of the taxpayer, * * *↩